**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **BATHSHEBA NOVELLA HODGE,** *et al.,* | * | |
| **PLAINTIFFS,** | * | |
| **v.** | * | **Case No.: PWG-14-3427** |
| **SIX FLAGS ENTERTAINMENT** | * | |
| **CORPORATION,** *et al.,* | * | |
| **DEFENDANTS.** | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM AND ORDER**

Plaintiffs Bathsheba Novella Hodge, Beersheva Sharah Hodge (hereinafter sometimes referred to as "Beersheva"), Tynishia Mackall, and Starr Mackall filed suit, *pro se*, against Defendant Six Flags Entertainment Corporation and nine other defendants.  Compl., ECF No. 1.  Plaintiffs allege that, on or about June 8, 2014, they visited Six Flags America in Upper Marlboro, Maryland, where they "were denied equal enjoyment of the theme park recreational centers" when they "were indirectly and directly told to leave the Six Flag's [sic] Looney Tunes facility without justification[]" while "other people of other races were allowed to remain enjoying the facility." *Id.* ¶¶ 4–5, 7.  The October 30, 2014 Complaint states that Beersheva was sixteen years old at the time Plaintiffs filed suit, making her a minor at that time and at the time of the incident. *Id.* at 1.

Pursuant to Rule 17(c), I appointed counsel to represent Beersheva Sharah Hodge. *See* Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action.").  ECF Nos. 4 & 5.  Counsel moved to withdraw, asserting that continuing to represent Beersheva would put her at

risk of violating Fed. R. Civ. P. 11 and the Rules of Professional Conduct.  ECF No. 8; *see* Loc. R. 704 (applying "the Rules of Professional Conduct as they have been adopted by the Maryland Court of Appeals").  I granted counsel's motion.  ECF No. 9; *see* ECF No. 10 (notifying Beersheva Sharah Hodge of counsel's withdrawal).  Under these circumstances (where counsel raised ethical concerns about continuing, as well as Rule 11 concerns), appointment of another pro bono attorney is not reasonable.

The Maryland Rules provide that, "[w]hen a minor is in the sole custody of one of its parents, that parent has the exclusive right to sue on behalf of the minor for a period of one year following accrual of the cause of action."  Md. R. 2-202(b).  In this case, that period extends until June 7, 2015.  *See* Compl. ¶ 7.  Similarly, as noted, Rule 17(c)(2) requires the Court to take action to protect the interests of a minor in a case, including appointing a guardian ad litem ("GAL").  Thus, even if Maryland Rule 2-202 does not dictate a capacity rule in federal court, it clearly identifies custodial parents as appropriate to bring a claim during this first year.  Indeed, a minor cannot file suit on its own.  *See* Fed. R. Civ. P. 17(b) (capacity to sue determined under law of individual's domicile); Md. R. 2-202(b); *see also* Fed. R. Civ. P. 17(c) (guardian may sue on behalf of minor).  Thus, given that Rule 17(c)(2) requires the Court to take appropriate action to protect a minor, it is logical to appoint the custodial parent (or parents).  The Court records in cases filed by Harold H. Hodge Jr. and Chante' N. Hodge, Beersheva Sharah Hodge's parents, show that they have the same address as their minor child.[1]  Therefore, appointing Beersheva's father and/or mother as GAL to protect her interests is in harmony with both state and federal procedural rules.

---

[1] This Court can take judicial notice of its records.  *See* Fed. R. Evid. 201(b).

Nonetheless, even though a non-attorney parent can act as GAL and assert a claim on behalf of a minor child, a non-attorney parent is "not authorized to litigate pro se the claim of his [or her] minor child[]." *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005). Therefore, Beersheva Sharah Hodge's parents must retain counsel on behalf of their daughter.  If the parent(s) fail to retain counsel on behalf of their minor child, her case may be severed from the pending suit, stayed, and administratively closed until she reaches majority, at which time she can proceed on her own.  *See* Md. Code Ann., Cts. & Jud. Proc. § 5-201 (providing that a minor is under a legal disability, such that the statute of limitations does not begin run until the minor reaches majority).

Accordingly, it is this 26th day of March, 2015 ORDERED that:

1. Harold H. Hodge Jr. and Chante' N. Hodge ARE APPOINTED as guardians ad litem for their daughter, Plaintiff Beersheva Sharah Hodge, in the above-captioned civil action for the purposes of protecting her interests as a minor child, without compensation;

2. A copy of this Order, as well the pleadings filed by Beersheva Sharah Hodge, shall be mailed, certified mail, by the Clerk's Office to Harold H. Hodge Jr. and Chante' N. Hodge at 1312 Sark Court, P.O. Box 1204, Prince Frederick, Maryland 20678;

3. Harold H. Hodge Jr. and Chante' N. Hodge ARE DIRECTED to retain counsel on behalf of Beersheva Sharah Hodge by April 20, 2015.  Failure to do so may result in the severance, staying and administrative closure of the minor's claims until she reaches majority.

_____/S/_____

Paul W. Grimm

United States District Judge

lyb